[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15816
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 10, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00878-CV-M

161 PERDIDO VENTURES, L.L.C.,

Plaintiff-Appellant,

versus

SWERVO DEVELOPMENT CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(June 10, 2008)**

Before BLACK, CARNES and BARKETT, Circuit Judges.

PER CURIAM:

161 Perdido Ventures, L.L.C. (Perdido) appeals the district court's grant of summary judgment in favor of Swervo Development Corporation (Swervo), in Perdido's action against Swervo alleging breach of contract and promissory fraud.[1] Perdido contends the district court erred in granting summary judgment because triable issues exist on its breach of contract and promissory fraud claims. After *de novo* review, we affirm the district court. *See Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1274 (11th Cir. 2008) (reviewing the district court's grant of summary judgment *de novo*).

## I. BACKGROUND

In May 2004, Perdido entered into a written Purchase Agreement to sell Swervo a parcel of real property in Baldwin County, Alabama. According to the Purchase Agreement, closing was to take place on or before September 10, 2004. The closing date of September 10 passed without a consummation of the sale.

On March 10, 2005, Swervo contacted Perdido indicating its intent to perform on the property. E-mails continued between the parties through April 18, 2006. On October 16, 2006, Perdido sent a letter to Swervo, stating it was "ready,

---

[1] Perdido's complaint against Swervo also contained counts for slander of title and tortious interference with a contractual relationship, but Perdido did not oppose Swervo's motion for summary judgment with respect to these claims. Likewise, Perdido does not mention these counts on appeal.

willing, and able to close the sale" of the property. Swervo responded on October 19, 2006, requesting an updated title commitment, ALTA survey, and proof of resolution between Perdido the former owner of the property.[2] Perdido later sent the updated title commitment and current land survey, as well as a "Joint Notice of Voluntary Dismissal" filed with the Alabama Supreme Court in the action between Perdido and the Oswalt Family. On October 31, 2006, Perdido sent another letter to Swervo, stating it had provided all requested information and had not received a response to its prior letter. Perdido scheduled a closing date of November 15, 2006.

Perdido filed this action on November 17, 2006, in Baldwin County Circuit Court, and Swervo removed the action to federal court on the basis of diversity jurisdiction. On December 29, 2006, Swervo officially informed Perdido that it was not going to purchase the property, citing the facts that certain defects had not been timely cured by Perdido and that a home which had been on the property was no longer there. On that same date, Swervo filed a Cancellation of the Purchase

---

[2] The Purchase Agreement was not consummated on September 10, 2004 because Perdido did not have title to the property. An Order of Final Judgment dated March 29, 2006, from Baldwin County Circuit Court states that an agreement between Perdido and the Oswalt Family for the sale and purchase of land (the land that is the subject of this dispute) was null and void.

Agreement that had been filed on June 21, 2004, with the Baldwin County Circuit Court, as it was null and void and had been terminated.

Swervo filed a motion for summary judgment, seeking to have all claims against it dismissed. The district court found Perdido failed to demonstrate that Swervo breached a contract because the May 2004 Purchase Agreement was not valid for the purposes of the action, and Perdido failed to demonstrate that a new contract existed under the requirements of Alabama statutory law. The district court further found that Perdido had no support for its claim of promissory fraud. Thus, the district court granted summary judgment in favor of Swervo. Perdido now appeals.

## II. BREACH OF CONTRACT

On appeal, rather than challenging the district court's conclusion that Perdido's and Swervo's negotiations after the May 2004 Purchase Agreement expired do not meet the requirements of the Alabama Statute of Frauds, Perdido relies on "contingency" provisions in the May 2004 Purchase Agreement that provided for closing dates 14 days after Swervo's receipt of certain listed items. Perdido asserts this alternative closing date shows the May 2004 Purchase Agreement did not expire on September 10, 2004.

Perdido did not raise the contingency provisions argument in the district court, however. In fact, Perdido's opposition to Swervo's motion for summary judgment does not even mention the contingency provisions. Perdido's opposition instead focuses on the following arguments (1) through its recording of the May 2004 Purchase Agreement, Swervo publicly declared the existence and continuing validity of that Agreement; and (2) the writings subsequent to the original September 10, 2004, closing date satisfied all elements of the Statute of Frauds. "This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (quotations omitted). Thus, we do not consider Perdido's contingency provisions argument.

To the extent Perdido challenges the district court's rejection of its arguments on summary judgment, we agree with the district court that the May 2004 Purchase Agreement expired on September 10, 2004, and is not valid for purposes of this action, and that Perdido failed to demonstrate Swervo breached a contract as it failed to demonstrate a contract existed. *See Rentz v. Grant*, 934 So. 2d 368, 373 (Ala. 2006) ("Oral promises for the sale of lands, tenements or hereditaments, or of any interest therein . . . are inherently suspect, and the Statute

5

of Frauds prohibits the enforcement of such a promise even though both parties acknowledge the existence of the oral agreement.") (quotations omitted); *Gewin v. TCF Asset Mgmt. Corp.*, 668 So. 2d 523, 527 (Ala.1995) (holding a modification to a contract for the purchase of land must be in writing and signed).

## III.  PROMISSORY FRAUD

> In order to establish promissory fraud, a plaintiff must show: (1) a false representation; (2) of an existing material fact; (3) that is justifiably relied upon; (4) damage resulting as a proximate cause; and that, (5) at the time of the misrepresentation, the defendant had the intention not to perform the promised act and (6) that the defendant had an intent to deceive.

*Gewin*, 668 So. 2d at 526 (quotations omitted).

Perdido has not attempted to show how Swervo's actions met these required elements of promissory fraud either in the district court or on appeal.  Thus, we agree with the district court's conclusion there is no support for Perdido's claim of promissory fraud.

**AFFIRMED.**